# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EFRAIN HILDALGO, | ) | |
| Plaintiff, | ) | Civil Action No. 15-203ERIE |
| | ) | |
| v. | ) | |
| | ) | |
| PA DEPARTMENT OF | ) | |
| CORRECTIONS, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MEMORANDUM OPINION

Magistrate Judge Susan Paradise Baxter

**Relevant Procedural History**

Plaintiff, acting *pro se*[1], seeks a preliminary injunction requiring Defendants, employees of the Pennsylvania Department of Corrections, to allow him and other Native Americans, access to traditional food consistent with his religious beliefs for the upcoming Harvest Feast. ECF No. 36. Since the filing of the motion, counsel has entered an appearance on behalf of Plaintiff and has filed a Reply brief. ECF No. 46.

This Court held an evidentiary hearing on this matter on September 8, 2016. ECF No. 56. At the hearing, counsel was present for both parties and testimony was taken from two witnesses including Plaintiff Efrain Hidalgo and Correctional Classification and Program Manager ("CCPM") Erin Ireland. ECF No. 57.

---

[1] *Pro se* pleadings, however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

1

**Standard of Review for Preliminary Injunctions**

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65.

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.App'x 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. Id. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits **and** that they likely face irreparable harm in the absence of the injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000); Hohe v. Casey, 686 F.2d 69, 72 (3d Cir. 1989). The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. Neo Gen Screening, 69 Fed.App'x at 554.

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A). The statute further instructs that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity … in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Moreover, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but … at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be issued only sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for any form of mandatory prospective relief in the prison context "must always be viewed with great caution because judicial restraint is specially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

**Plaintiff's Request for Preliminary Injunction**

*Prong One - Plaintiff's Likelihood of Success*

Plaintiff seeks preliminary injunctive relief under the Religious Land Use and Institutionalized Persons Act. To show that his rights under RLUIPA are being violated, a claimant must first establish that the defendant's actions create a substantial burden on the exercise of his religious beliefs. 42 U.S.C. § 2000cc-2(b); Hernandez v. Commissioner, 490 U.S. 680 (1989). Once the claimant makes such a showing, the defendant must come forward with evidence demonstrating that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means." Cutter v. Wilkinson, 544 U.S. 709 (2005). See also Washington v. Klem, 497 F.3d 272, 277 (3d Cir. 2007) ("If the plaintiff "produces *prima facie* evidence to support a claim alleging a [RLUIPA] violation ... the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether [the challenged practice or law] substantially burdens the plaintiff's exercise of religion.").

A "substantial burden" exists if: "1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs." Washington, 497 F.3d at 280.

Plaintiff has presented evidence that the denial of his request to purchase foods consistent with the celebration of the Native American Harvest Feast places a substantial burden on his

religious exercise.[2] Plaintiff declares that he is a "federally recognized member of the Mohawk Tribe (Six Nations)." ECF No. 52, page 1. As part of the Harvest Feast, the tribe gives thanks and honors the Creator by preparing and consuming certain staple foods. Id. By doing this, the tribe members show gratitude to the Creator for all that has been provided. Id. Failure to consume these staple foods during the Harvest Feast is disrespectful to the Creator and may cause the Creator to not provide the staples of life or hear a member's prayers in the coming year. Id. Plaintiff swears that these staple foods include Native American corn soup, fish, Indian tacos, wild rice, salted pork, yucca and Indian cookies, as well as Yuca. Id. The evidence also reflects that none of these items are available to Plaintiff (from either the supplied foods list or the optional item list). ECF No. 40-1, Klemm Memo, pages 2-5.

Once the claimant makes a showing that there is a substantial burden on the exercise of his religious beliefs, the defendant must come forward with evidence demonstrating that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means." Cutter, 544 U.S. 709. Here, Defendants imply generally, without more, that their actions ensure "the Department of Corrections' interest in institutional security, appropriate staffing and safe food service for the entire population are met." ECF No. 45, page 7. Defendants have not presented a single piece of evidence in support of this statement.

Accordingly, Plaintiff has met his burden of establishing that he has a substantial likelihood of success on the merits.[3]

---

[2] The statute defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A).

[3] Defendants' argument that Plaintiff has failed to exhaust his claim under the Prison Litigation Reform Act is of no moment here as Plaintiff has initiated the grievance process and it is unlikely he will be able to fully exhaust the process before the date of the Harvest Feast.

*Prong Two - Irreparable Injury to Plaintiff*

Plaintiff, as the movant, must demonstrate immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). Irreparable injury is established by showing that the movant will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F.Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). "The word irreparable connotes that which cannot be repaired, retrieved, put down again, atoned for ..." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) (internal citations omitted).

Under the law, the denial of "First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976) citing New York Times Co. v. United States, 403 U.S. 713 (1971). Because RUILPA enforces First Amendment freedoms, a denial of statutory rights under it also constitutes irreparable injury. See Opulent Life Church v. City of Holly Springs, Miss., 697 F.3d 279, 295 (5th Cir. 2012). See also Hohe v. Casey, 868 F.2d 69 (3d Cir. 1989) (recognizing Elrod v Burns, but holding that the "assertion of First Amendment rights does not automatically require a finding of irreparable injury," in the context of freedom of speech).

*Prong Three – Harm to Nonmovant*

Next, this Court must weigh whether granting preliminary injunctive relief will result in even greater harm to the nonmoving party. Bimbo Bakeries, 613 F.3d at 109.

---

Moreover, Plaintiff gave testimony at the hearing that there has been a delay in receiving responses from the Department of Corrections. See ECF No. 57.

There is evidence in the record that the Department of Corrections has previously provided Native American inmates with access to the staple foods required to celebrate the Harvest Feast. ECF No. 57. Some of these staple foods were supplied by the Department of Corrections and others were offered on the Optional list for purchase by the Native American Community. Id. In addition, the testimony of Erin Ireland confirmed that the items are obtainable because other vendors who may need to be contracted for these foods are used for other religious feasts. Id. These facts, as well as the lack of any evidence to the contrary from Defendants, indicates that there will be no greater harm to the nonmoving party if the request for injunctive relief is granted.

*Prong Four – Public Interest*

Finally, based on the principle that "[i]n the absence of legitimate, countervailing concerns, the public interest clearly favors the protection of constitutional rights," the Court finds that the public interest favors the granting of a preliminary injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 883-84 (3d Cir. 1997). See also Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 178 (3d Cir. 2002).

An appropriate Order will be issued.